Pearson, C. J.
 

 "Without entering into a consideration of the three points made by his Honor in the Court below, it is sufficient to say that, upon a mere general view of the subject,
 
 *380
 
 we concur In the result at which lie arrived — that the plaintiff was not entitled to recover. This Court is of opinion that the bond of the clerk does not cover the matter assigned as a breach. That positron, we think, is sustained by the authority of
 
 Jones
 
 v. Biggs, 1 Jones’ Rep. 364, and the reasoning upon ■which it is founded. Common sense must be invoked to aid in the construction of statutes, and courts should bo careful not to be led, by sticking to the letter, into consequences that are against reason, and such as could not have been intended by the makers of the law. The clerk is required to make a record of, and enter at large on. the docket, the names of the justices who are present at the granting of a guardianship ; and lie is also required to make the same entry on the guardian bond. The purpose of this requirement is to furnish an eas3r means of proving who of the justices were on the bench, in the event that they have been guilty of such negligence, in respect to the
 
 sureties
 
 taken on the bond, as to be liable to the action of the infant, according to the provisions of the statute. If this was the only mode of proof by which the liability of the justices could be fixed, there would be some reason for supposing that the clerk ought to make himself liable by not furnishing it. Put it being simply a cumulative means of proof, the inference, that it was the intention to subject the clerk to liability for the whole amount of the estate of the infant, is against
 
 rea-'
 
 son ; particularly, where, as in our case, the names of the justices arc recorded and entered at large on the docket, so as to furnish the proof as to their identity, sufficient to charge them, provided, they have subjected themselves to liability; for it then amounts to this : the clerk is liable for simply omitting to enter the names of the justices ou the guardian bond, although the same matter appears at large on the docket, whereby the entry on the bond becomes mere surplusage! And this too, by way of implication. As is said in
 
 Jones
 
 v.
 
 Biggs supra,
 
 “If so great a change in regard to the liabilities of clerks had been contemplated, it is natural to have expected to find the law under the head of
 
 “
 
 clerks,” accompanied with a requisition that, the penalty of their bonds should be in
 
 *381
 
 creased,” and it is also natural to have expected that this heavy liability should be imposed in express terms, like that of the justices, who are guilty of negligence in respect to the sureties taken, and that the clerk should be allowed a fee for making the entry upon his docket, and also upon the bond.
 

 After a full consideration of the subject, we are satisfied that the statute is merely
 
 “
 
 directory,” and that it was not the intention of the Legislature to make an omission of the clerk, either in one, or both of these particulars, a breach of his official bond. There is no error.
 

 Pee Cueiam, Judgment affirmed.